# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 7171 | **DATE** | March 21, 2012 |
| **CASE TITLE** | Christine Kuhn v. United Airlines | | |

**DOCKET ENTRY TEXT**

Defendant's motion for sanctions [67] is granted in part and denied in part.

■[For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

In response to plaintiff Christine Kuhn's failure to appear for her scheduled deposition, Defendant United Airlines filed the current motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b), seeking the $9,091.40 in attorneys' fees and costs it incurred in preparing the sanctions motion and attending the failed deposition. United argues that the motion is justified by what it describes as Kuhn's history of obstreperous conduct in discovery, culminating in her refusal to turn over notes or attend her deposition despite a court order requiring her to do both. Kuhn objects, arguing that her absence from the deposition was substantially justified within the meaning of Rule 37 and that the amount United seeks to recoup is unjustified and excessive.

The relevant procedural history is as follows. The original discovery deadline in this case was set for November 25, 2011. (R. 24.) United noticed Kuhn's deposition for November 18, 2011, but her attorney responded that Kuhn would not be available for deposition until after the discovery deadline passed. Kuhn successfully moved to have the discovery deadline extended, (R. 37), and her deposition went forward on December 12, 2011. During the deposition Kuhn referenced personal notes in her possession that she said are relevant to the lawsuit, but which she had failed to turn over to United in response to discovery requests. A few hours after the deposition began, Kuhn cut the proceedings short, claiming that the sleeping medication she had taken the night before was interfering with her ability to answer questions. The following day the parties appeared for a status hearing, and this court ordered Kuhn to turn over the notes she had referenced in her deposition by December 23, 2011. (R. 42.) The court also ordered that her deposition should be completed on January 17, 2012. (Id.) Kuhn sought and received an extension in the deadline to turn over her notes, (R. 47), but nonetheless failed to produce them. Based on the production delay, United sought an additional extension in the discovery deadline, and on January 25, 2011, this court granted an extension through February 24, 2012. (R. 50.) The court's order directed Kuhn to produce her notes by January 31, 2012, and ordered her to appear for the remainder of her deposition on February 6, 2012—dates suggested by Plaintiff herself. (Id.) That order included a warning that there would be no further extensions.

**STATEMENT**

Despite this court's warnings, Kuhn neither appeared for her deposition on February 6, nor turned over her notes to United. Accordingly, United filed a motion before the assigned district judge seeking dismissal of this case as a sanction for her refusal to comply with the court's discovery orders. (R. 60.) Judge Dow denied the motion, but invited United to refile its sanctions motion before this court seeking a lesser sanction. (R. 64; R. 80, Ex. 7, March 1, 2012 Tr. at 3-4.) At a subsequent status hearing, this court ruled that Kuhn is barred from relying on any of the notes she had not provided to United, and asked the parties to brief whether monetary sanctions would be appropriate in response to her failure to attend the deposition as ordered. (R. 80, Ex. 8, March 1, 2012 Tr. at 5-6.) The current motion followed.

Rule 37 allows a court to impose sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition" or to comply with the court's discovery orders, unless the failure was "substantially justified." Fed. R. Civ. P. 37(b), (d). In her response to the current motion, Kuhn argues that her refusal to attend her deposition on February 6 was substantially justified because she had retained new counsel who had not yet made an official appearance in the case. Specifically, on January 26, 2012, Spencer Smith filed a "notice of substitution of counsel" on behalf of Kuhn, (R. 51), and then a week later filed a motion requesting a status conference, (R. 54). The motion was denied in part because Smith had failed to properly seek leave to be admitted in the case. (R. 55.) According to Kuhn, Smith then contacted United's attorney three days before the scheduled deposition to inform him that she would not attend, because she was not currently represented by counsel. (R. 80, Resp. at 3.) That same day, Smith moved for leave to file an appearance, stating that Kuhn's original attorney would remain an attorney of record in a "local counsel" capacity. (R. 56.) Kuhn now argues that given the state of limbo that her representation was in on the day of her scheduled deposition, her absence was substantially justified within the meaning of Rule 37(d).

This court disagrees. On the date of the ordered deposition Kuhn still intended to have her original attorney of record represent her in a "local counsel" role, and more importantly, Kuhn had retained Smith eleven days before the scheduled deposition. Smith thus had ample time to file a proper appearance to ensure his ability to defend her deposition on the appointed date, especially given this court's admonition that she "must appear" on that date. (R. 50.) Those facts, coupled with Kuhn's decision to cut her original deposition short, her prolonged failure to produce documents despite multiple chances to do so, and what smacks of manipulation in her decision to change counsel just before a long-delayed deposition, this court cannot agree that her failure to attend her deposition was substantially justified.

Having determined that sanctions are warranted, this court is left to determine whether the amount of attorney's fees and costs United seeks is reasonable. Although United compensates its attorneys on the basis of a flat rate, rather than by the billable hour, it properly asserts that this court may analyze the reasonableness of its fee request under the lodestar method. *See Berg v. Culhane*, No. 09 CV 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 641 (7th Cir. 2011) (noting that "courts are to use the lodestar method to calculate the statutory fee even when the attorney does not bill by the hour"). United seeks to recover for the time spent by two attorneys—partner Steven J. Pearlman and associate Alexis S. Hawley—in preparing the sanctions motions and attending Kuhn's second failed deposition. According to the declaration and itemization United submitted in support of its motion, it seeks to recover for 17.70 hours spent by Hawley at a rate of $315 per hour and 6.5 hours spent by Pearlman at a rate of $515 per hour, plus $168.40 in court reporter and transcript fees, for a total of $9,091.40. In its reply brief, United admits that it impermissibly included in its original request time Pearlman spent corresponding with United, so after subtracting that .2 hours, the total amount United seeks is $8,988.40. (R. 83, Reply at 5, n.2.) United also asks this court to award attorneys' fees and costs related to preparing the reply to its sanctions motion, but it has not provided any itemization of those expenses.

**STATEMENT**

But this court finds that United's request is not entirely reasonable, because the majority of that request covers time the attorneys spent preparing and filing United's original motion requesting that the case be dismissed. United lost that motion when Judge Dow determined that dismissal is too drastic a remedy and ordered them to file a new motion. This court concludes that it would not be reasonable to allow United to recover fees for time spent preparing the unsuccessful original motion. Accordingly, this court has subtracted all of the time that the attorneys spent prior to February 6, 2012, the date that the unsuccessful motion was filed. That leaves just 3.2 hours of Hawley's time and 0.6 hours of Pearlman's time, plus the 0.1 hours he spent appearing for the failed deposition. Based on those numbers, this court concludes that the appropriate sanction should be calculated by adding 3.2 hours at a rate of $315 and 0.7 hours at a rate of $515, plus the court reporter's fee and transcript cost, amounting to $1,536.90. In addition, this court agrees that United is entitled to reasonable fees and costs it incurred in preparing the reply brief, but notes that United has provided no breakdown of those expenses. Erring on the side of an extremely conservative estimate, this court will award the equivalent of one hour of Hawley's time to cover the fees related to the eight-page reply brief. Accordingly, adding $315 to $1,536.90, this court finds that a sanction award in the total amount of $1,851.90 is appropriate.