**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE KUHN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-cv-7171 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| UNITED AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion [73] by Plaintiff Christine Kuhn for leave to file a third amended complaint against her employer, Defendant United Airlines. For the reasons stated below, Plaintiff's motion [73] is denied.

**I.    Background**

On April 23, 2007, Kuhn, an African-American, filed a charge of discrimination with the EEOC, alleging that United retaliated against her for complaining internally of age, sex, and race discrimination, in violation of Title VII and the Age Discrimination in Employment Act (ADEA). [77-1.] Kuhn specifically asserted that she complained about a certain flight captain who then had her removed from multiple assignments. [77-1.] Kuhn received a right to sue letter in January 2008 but did not file a federal complaint based on these allegations. [77-2.]

On July 19, 2010, Kuhn filed a second charge of discrimination with the EEOC, again alleging that United retaliated against her in violation of Title VII and the ADEA. [77-3.] Kuhn specifically asserted that, after she filed her 2007 EEOC charge, United failed to fully and impartially investigate her complaints of co-worker mistreatment. [77-3.] Kuhn received a right to sue letter in August 2010. [77-4.]

On November 5, 2010, Kuhn filed *pro se* an initial complaint. [1.] A few months later, she retained attorney Denise Mercherson and filed an amended complaint. [19.] The amended complaint alleged retaliation in violation of Title VII and the Americans with Disabilities Act (ADA). [19.] Kuhn specifically asserted that, after she filed her 2007 EEOC charge, United failed to adequately investigate her hostile work environment complaints. [19.] The Court thereafter adopted a schedule that gave the parties until May 24, 2011, to amend pleadings. [24.]

On December 13, 2011, Kuhn moved for leave to file a second amended complaint. [41.] As grounds for the motion, Kuhn maintained that Count II of her amended complaint was actually based on the ADEA, as reflected in her 2010 EEOC charge, not the ADA. [41.] The second amended complaint was therefore necessary only to correct this mistake. [41.] The Court granted the motion. [43.]

On February 9, 2012, the Court granted Kuhn's motion to substitute attorney Spencer Smith for Mercherson as lead counsel. [66.] Around the same time, United moved for sanctions based on Kuhn's failure to follow court orders governing discovery. [60, 67.] Although the Court declined to dismiss the case [64], Magistrate Judge Kim awarded monetary sanctions [92]. Notably, Judge Kim found that Kuhn's failure to attend her deposition was not substantially justified where she had: 1) cut her original deposition short, 2) repeatedly failed to produce documents, and 3) engaged in manipulation in changing counsel just before her long-delayed second deposition. [92.]

On February 16, a week before the close of discovery [see 50], Kuhn moved for leave to file a third amended complaint [73]. The proposed third amended complaint adds two new claims: race discrimination and race harassment, both in violation of Title VII. [73 at Ex. A.] The third amended complaint also adds new factual allegations from 2003 to 2007 primarily

involving Captain James Reaney, who was not mentioned in the second amended complaint. [73 at Ex. A.] In brief, Kuhn alleges that Reaney refused to fly with her based on her race; Kuhn complained to United to no avail. [73 at Ex. A.]

**II.     Legal Standard**

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). Delay alone is usually insufficient to deny a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). But "the longer the delay, the greater the presumption against granting leave to amend." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (internal quotation omitted). An amended complaint is futile if it could not withstand a motion to dismiss. See *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009).

**III.     Analysis**

United argues that granting Kuhn's motion for leave to filed a third amended complaint would be futile and unduly prejudicial. The Court addresses each argument in turn.

**A.     Futility**

United first argues that Kuhn's amendment would be futile because her new claims exceed the scope of her underlying EEOC charge and are time barred.[1] "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge."

---

[1] Because Kuhn's EEOC charges were referenced in the third amended complaint and are central to her claims, the Court may consider them when evaluating Kuhn's prospects on a motion to dismiss. See *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

3

*Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). A plaintiff may, however, proceed "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* "[T]he claims should involve the same conduct and implicate the same individuals in order to be considered 'reasonably related' to the allegations in the EEOC complaint." *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008).

Here, Kuhn's 2010 EEOC charge alleged only retaliation. Kuhn specifically claimed that her complaints of co-worker mistreatment were denied full, impartial investigations because of her 2007 EEOC charge. The third amended complaint, by contrast, alleges race discrimination and harassment, adds conduct that occurred *prior* to the 2007 EEOC charge, and implicates a captain not mentioned in the 2010 EEOC charge. Accordingly, the new claims in the third amended complaint are not "reasonably related" to the allegations in the 2010 EEOC charge.

Rather, the new claims in third amended complaint appear to be based on facts alleged in the *2007* EEOC charge. There, Kuhn asserted that United retaliated against her for complaining internally of age, sex, and race discrimination and specifically mentioned that she complained about a captain who then took adverse action against her. But after receiving her right to sue letter in early 2008, Kuhn did not file a federal complaint based on this conduct. See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f) (providing that a plaintiff receiving a right to sue letter has 90 days to file a federal complaint). Accordingly, the new claims in the third amended complaint are also time barred.[2]

---

[2] Kuhn attempts to avoid the time bar by arguing that she has alleged a "continuing violation." [84 at 6-7.] But this doctrine only applies where it would be unreasonable to expect a plaintiff to sue within the limitations period. See *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 353 (7th Cir. 2002). For this reason, the

4

B.    **Undue Prejudice**

United also argues that Kuhn's amendment—brought one week before the discovery cut-off and nearly nine months after the scheduling order deadline—would result in undue prejudice. The Seventh Circuit has expressed particular concern with motions for leave to amend that are filed at the close of discovery. See, *e.g.*, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend brought three days before the close of discovery); *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) (affirming denial of leave to amend brought at the close of discovery). The Seventh Circuit also has approved the use of a preliminary "good cause" inquiry where a motion for leave to amend is filed after the scheduling order deadline. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

Here, Kuhn's third amended complaint not only was proposed just before the close of discovery but also alleges entirely new claims and new facts. Thus, contrary to Kuhn's contention, the amendment would indeed "significantly alter the factual inquiry of this lawsuit" to United's detriment. [73 at 2.] Moreover, as previously discussed, the new claims are based on events occurring between 2003 and 2007 that formed the basis of Kuhn's 2007 EEOC charge. Kuhn's only excuse for failing to bring these claims previously is that her prior lead counsel employed a different strategy (perhaps wisely, considering the Court's ruling on futility). And Magistrate Judge Kim has already found that Kuhn's motives in changing counsel were less than pure. Accordingly, "good cause" does not exist; rather, United would suffer undue prejudice if leave to amend were granted.

---

doctrine "does not relieve a plaintiff of the need to file an action within 90 days of receiving the right-to-sue letter." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 461 (6th Cir. 2001).

5

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's motion [73] for leave to file a third amended complaint is denied.

Dated:  August 17, 2012            _____
                                                            Robert M. Dow, Jr.
                                                            United States District Judge