# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7171 | **DATE** | August 27, 2012 |
| **CASE TITLE** | Kuhn vs. United Airlines | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for relief from the court's scheduling order [70] is denied. Parties are to file a written status report, either jointly or separately, by August 31, 2012, detailing any discovery that is still outstanding and whether expert discovery is required. As far as the court is aware, the last item on the fact discovery to-do-list was the May 3rd deposition of Diane Gist. If discovery is complete, the court will terminate the referral and return the case to the assigned District Judge.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

On February 16, 2012, Plaintiff filed the instant motion seeking more time to complete her discovery. Plaintiff's motion is denied because she has failed to offer any good cause for a further extension of time. Plaintiff has had sufficient time, including several extension of discovery deadlines, to complete her discovery.

Plaintiff filed her employment discrimination complaint back on November 5, 2010. (®. 1.) Once she retained counsel to assist her with her claims against her current employer, United Airlines ("United"), Plaintiff filed an amended complaint in April 2011. (®. 19, 23.) In their joint status report of May 2011, Plaintiff and United agreed and reported to the assigned District Judge that fact discovery should close on November 25, 2011. (®. 23 at 3) ("Fact discovery shall close on November 25, 2011."). A week or so later, the assigned District Judge accepted the proposed discovery schedule and ordered fact discovery to close on November 25, 2011. (®. 24.) A series of motions to compel and for extensions followed.

United filed its first motion to compel on September 27, 2011, detailing that Plaintiff was 110 days late with her Rule 26(a)(1) disclosure and 16 days late with her responses to its written discovery requests. (®. 26.) On September 30, 2011, this court scheduled a hearing to resolve United's motion to compel. (®. 31.) In scheduling the motion hearing, the court urged Plaintiff to provide the overdue discovery by October 7, 2011, if there was any merit to United's discovery motion. (Id.) At the motion hearing, Plaintiff did not appear. However, United reported that Plaintiff provided the overdue discovery materials as suggested by this court and withdrew the motion to compel. (®. 32.)

Then on November 11, 2011, Plaintiff filed her first request for extension of time to complete discovery because she was unable to appear for her deposition until November 28, 2011, and because she needed to depose "5 to 7 individuals." (®. 35.) On November 14, 2011, the assigned District Judge granted the motion and permitted the parties to complete discovery by January 25, 2012. (®. 37.) A month later, on December 13, 2011, the parties

**STATEMENT**

appeared before this court to report on the status of discovery. Despite the fact that a month had gone by, United was unable to complete Plaintiff's deposition because she unilaterally terminated her deposition early and Plaintiff had not deposed any of the "5 to 7 individuals" she referred to in her motion for extension of time. (®. 42.) Plaintiff merely indicated in open court that she planned on deposing four employees. (Id.) Plaintiff also indicated that she would be amending her complaint again but only to fix an error in the complaint and not to assert any new claims. Because the time period to complete discovery was scheduled to end on January 25, 2012, this court ordered the parties to complete the depositions by January 20, 2012, in order to allow a few days to resolve any straggling discovery disputes before returning the case back to the assigned District Judge. (Id.) This court also ordered Plaintiff to provide United with certain personal notes she referenced during her deposition by December 23, 2011. That same day, Plaintiff filed a motion for leave to file a second amended complaint "to reflect that Count II of Plaintiff's complaint is based on [ADEA] and not [ADA] as reflected in [EEOC] charge #440-2010-05254 which is the basis for this complaint." (®. 41.) The assigned District Judge granted this motion. (®. 43.)

On January 19, 2012, United filed an unopposed motion for extension of time because Plaintiff had not turned over her personal notes by the deadline set by this court (December 23) and by the later deadlines (December 30 and January 6) granted by United. (®. 44 at 2.) As a result of this failure to comply, United was unable to schedule and complete Plaintiff's deposition. (Id. at 1-2.) United also sought an extension because it was unable to confirm the availability of four United employees for their depositions. (®. 44 at 2-3.) This court scheduled a hearing on this motion for January 26, 2012. In scheduling the motion hearing, the court ordered Plaintiff to explain in writing, by January 25, 2012, why she failed to comply with this court's order of December 13, 2011. (®. 47.) As an alternative to the required explanation, the court granted Plaintiff until January 25, 2012, to turn over the notes. (Id.) On January 25, 2012, Plaintiff asked for more time to turn over her notes. (®. 49.) At the motion hearing, the court granted United's motion for extension of time and granted Plaintiff her last extension to turn over her personal notes to United by January 31, 2012. (®. 50.) The court also set specific deadlines to complete the depositions outstanding in the case to wrap-up discovery by February 24, 2012. (Id.)

Instead of complying with the deadlines set by this court, Plaintiff decided to change her attorneys at this critical juncture in her case in the hopes of wiping the slate clean and re-setting the discovery clock. Plaintiff gambled and lost. Between February 2, 2012, and February 16, 2012, the parties filed several motions. Plaintiff filed a motion for a status conference [55], motion to have Spencer Smith serve as a lead attorney [51], motion to have her prior counsel withdraw from this case as the lead attorney and serve as local counsel [59], motion for leave to file a third amended complaint [73], and motion for relief from the court's scheduling order [70]. United also filed two motions: one to dismiss the complaint with prejudice [60] and one for discovery sanctions [67]. This court and the assigned District Judge entered several orders ruling on these motions. (®. 64, 66, 71, 92.) With the assigned District Judge's ruling on August 17, 2012, the dust has settled on all these motions and the only pending motion now is Plaintiff's motion for relief from the court's scheduling order---motion for more time to conduct discovery.

Plaintiff's motion for more time to conduct discovery must be denied because she has failed to show good cause. Plaintiff asked for more time to conduct discovery for the following reasons: (1) United filed an answer to Plaintiff's second amended complaint just two weeks prior to her motion on January 30, 2012, and she needs additional time to conduct "written discovery regarding this new pleading[]"; (2) based on a proposed protective order United seeks to have entered, Plaintiff anticipates that United would be "'dump[ing]' the bulk of its documentary evidence on Plaintiff at the last minute []; (3) Plaintiff's new attorney needs additional time to properly complete discovery in this case as "little discovery" has been performed; and (4) Plaintiff intends to "add" new claims in her third amended complaint. (®. 70.) Of these four reasons, the only persuasive reason for granting additional time is the fourth reason---Plaintiff intends to raise new claims. If new claims are asserted,

**STATEMENT**

even at this late stage in the litigation, Plaintiff *and* United would require additional time to develop the facts in support of the new claims and new defenses. However, the assigned District Judge denied Plaintiff's motion for leave to file a third amended complaint on August 17, 2012. (R. 97.) The assigned District Judge held that the proposed amendments are both futile and unduly prejudicial to United. (R. 97 at 4-5.) As such, reason (4) is not applicable here.

The other three reasons do not amount to good cause for extending the discovery time any further. Reason (1) is not sincere. Plaintiff is knows that her second amended complaint, filed to fix a simple error, and the answer thereto did not change the legal landscape or the discovery landscape in this case. Reason (2) is based on a mischaracterization of the need for the proposed protective order. United responded that it proposed the entry of an agreed protective order, which the court entered on March 9, 2012, in order to protect the personnel files of those United employees Plaintiff sought to depose, not to "'dump' the bulk of its documentary evidence[.]" In her reply, Plaintiff did not disagree with this. (R. 86.) Moreover, Plaintiff later decided not to depose these employees. (R. 71.) Reason (3) is unavailing as Plaintiff's decision to change her attorneys in January 2012 was merely a calculated attempt to avoid her discovery responsibilities. Also, even if her new attorney believes that her prior counsel performed "little discovery," what matters here is that Plaintiff had ample opportunity to perform discovery in this case. For these reasons, the motion is denied.